IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP DALE MCDONALD, Individually and as Successor-in-Interest to MARY PATRICIA MCDONALD, Deceased,<br><br>　　Plaintiff,<br><br>v.<br><br>UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC, and JOHN DOE 1-100,<br><br>　　Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:24-cv-00184 |

## **NOTICE OF REMOVAL**

Defendant Unilever North America Supply Chain Company, LLC ("Unilever"), by its undersigned attorneys, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, to the United States District Court for the Northern District of North Texas. As grounds for removal, Unilever states as follows:

1. On or about September 30, 2024, Phillip Dale McDonald ("Plaintiff") filed a petition ("Complaint") against Unilever in the District Court for the 160th Judicial District, Dallas County, Texas, Cause No. DC-24-17785, alleging that his wife, Mary Patricia McDonald developed acute myeloid leukemia and died as a result of exposure to benzene from using certain Dove dry shampoo products ("the Products"). *See* Compl. ¶¶ 12-16 (attached as **Exhibit 3A**).

2. Plaintiff alleges that the Products were defective in design and manufacture and that Unilever failed to warn consumers that the Products contained benzene. *See id.* ¶¶ 21, 27, 30, 31.

3. The Complaint purportedly asserts claims against Unilever for negligence, strict liability, and exemplary damages. *Id.* ¶¶ 19-37.

4. As set forth more fully below, this case is properly removed pursuant to 28 U.S.C. § 1441, because the Court has subject-matter jurisdiction over it, pursuant to 28 U.S.C. § 1332, and Unilever has satisfied the procedural requirements for removal.

**I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

5. The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action between citizens of different States, in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A. Complete Diversity Exists Between Plaintiff and Unilever**

6. Upon information and belief, at the time this lawsuit was filed and at all times since, Plaintiff was and is a citizen of Texas. *See* Compl. ¶ 2. Upon information and belief, Mary Patricia McDonald was a citizen of Texas at the time of her death on June 30, 2020. Therefore, at the time this action was filed and at all times since, Plaintiff was and is a citizen of Texas. 28 U.S.C. § 1332(c)(2).

7. At the time this lawsuit was filed and at all times since, Unilever was and is Delaware limited liability company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Midcap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). The sole member of Unilever is Unilever Manufacturing (US), Inc., a corporation organized under the laws of the State of Delaware with its principal place of business in Jefferson City, Missouri. Therefore, at the time this action was filed and at all times since, Unilever was and is a citizen of Delaware and Missouri. 28 U.S.C. § 1332(c)(1).

8. Because Plaintiff is a citizen of Texas, and Unilever is a citizen of Delaware and Missouri, complete diversity exists in this case.

**B.     The Amount-In-Controversy Requirement Is Satisfied**

9. This action may be removed pursuant to 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. "If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022); 28 U.S.C. § 1446(c)(2). Here, the Complaint expressly seeks "monetary relief in excess of $1,000,000.00." Compl. ¶ 7. Plaintiff's allegation satisfies the jurisdictional minimum. *White v. Kroger Texas, LP*, 2023 WL 6390016, at *2 (N.D. Tex. Sept. 29, 2023) (petition seeking "monetary relief over $250,000 but not more than $1,000,000" satisfied the jurisdictional requirement); *Taylor v. Dollar Tree Stores, Inc.*, 2022 WL 17489184, at *1 (N.D. Tex. Dec. 6, 2022) (same).

11. Moreover, it is apparent from the nature of Plaintiff's claims that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff alleges that Mrs. McDonald contracted acute myeloid leukemia and died from using Unilever's dry shampoo products. Plaintiff seeks damages for, among other things, Mrs. McDonald's pain and suffering, mental anguish, disfigurement, physical impairment, medical expenses, and other actual damages. Compl. ¶ 39. According to the Fifth Circuit, "common sense dictates" that such claims place more than $75,000 at stake. *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015) (holding that a plaintiff's alleged emphysema and her husband's wrongful death from lung cancer and another plaintiff's alleged prostate cancer satisfied the $75,000 amount-in-controversy requirement); *see Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (alleged injuries to wrist, knee,

and back resulting in medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement exceeded $75,000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (alleged damages for property, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation, and temporary inability to do housework satisfied $75,000 minimum).

12. Plaintiff also seeks exemplary damages, which are included in determining the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336-37 (5th Cir. 1995); *Laffin v. Nat'l Football League*, 2011 WL 1396887, at *2 (N.D. Tex. Apr. 12, 2011).

13. Accordingly, it is evident from the face of the Complaint that the amount in controversy exceeds $75,000.[1]

## II. UNILEVER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16. This Notice of Removal is timely as Unilever was served with a summons and copy of the Complaint on or about October 11, 2024.

17. The District Court for the 160th Judicial District, Dallas County, Texas, is located within the geographic boundaries for this Court's Dallas Division; therefore, venue for this action is proper with this Court upon removal. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(1).

18. Unilever is not a citizen of Texas, the State in which this action was brought. *See* 28 U.S.C. § 1441(b)(2); *see also supra* ¶ 7.

19. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1(a), a completed civil cover sheet and supplemental civil cover sheet are being filed contemporaneously with this Notice

---

[1] Although Plaintiff seeks the damages set forth in the Complaint, Unilever denies that he is entitled to such damages or to any relief.

4

of Removal. Further, pursuant to Local Rule 81.1(a)(4), the following papers are being filed with this Court as exhibits to this Notice of Removal:

    a. An index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action (**Exhibit 1**);

    b. A copy of the docket sheet in the State Court Action (**Exhibit 2**);

    c. All documents filed in the State Court Action (**Exhibit 3**); and

    d. A separately signed certificate of interested persons that complies with Local Rule 3.1(c) (**Exhibit 4**).

20.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the District Court for the 160th Judicial District, Dallas County, Texas.

21.    Unilever reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Unilever North America Supply Chain Company, LLC respectfully removes this action from the District Court for the 160th Judicial District, Dallas County, Texas, bearing Cause Number DC-24-17785, to this Court.

DATED: October 31, 2024          Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

<u>*/s/ Veronica H. Gromada*</u>
Veronica H. Gromada
State Bar No.: 24027226
Michella R. Gibbs
State Bar No.: 24103731
600 Travis Street, Suite 3400
Houston, Texas 77002-2926
Telephone: 713.227.8008
Facsimile: 713.227.9508
Email: vgromada@shb.com
Email: mgibbs@shb.com

***Attorneys for Defendant Unilever North America Supply Chain Company, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October 2024, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system and/or electronic mail.

<u>*/s/Veronica H. Gromada*</u>
Veronica H. Gromada