IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP DALE MCDONALD, Individually and as Successor-in-Interest to MARY PATRICIA MCDONALD, Deceased, | § | Civil Action No. 3:24-CV-2811-D |
| Plaintiff, | § | |
| VS. | § | |
| UNILEVER NORTH AMERICA SUPPLY CHAIN COMPANY, LLC, et al., | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

This is a removed products liability action brought by plaintiff Phillip Dale McDonald ("McDonald"), which has recently been transferred to the undersigned's docket.[1] The court now addresses the following motions: defendant Unilever North America Supply Chain Company, LLC's ("Unilever's") November 7, 2024 motion to dismiss; Unilever's December 12, 2024 motion to dismiss first amended complaint ("FAC"); Unilever's December 12, 2024 motion to strike non-diverse defendant from FAC; defendant BP Energy Company's ("BP's") January 23, 2025 motion to dismiss plaintiff's FAC and defendant Aeropres

[1]Due to an error by counsel, the case was inadvertently removed to the Abilene Division of this court. On November 6, 2024 defendant Unilever North America Supply Chain Company, LLC ("Unilever") moved to transfer the case to the Dallas Division. Judge Cummings granted Unilever's motion and transferred the case to the Dallas Division on November 7, 2024, where it was assigned to Judge Brown. The case was reassigned to the undersigned on October 13, 2026.

Corporation's ("Aeropres'") January 23, 2025 notice of joinder in Unilever's December 12, 2024 motion to dismiss; defendant Diversified CPC International, Inc.'s ("Diversified's") January 23, 2025 motion to dismiss plaintiff's FAC; and joinder in Unilever's motion to dismiss; and plaintiff McDonald's February 6, 2025 motion for leave to file second amended complaint ("SAC"). For the reasons that follow, the court grants Unilever's motion to strike the FAC, grants in part and denies in part McDonald's motion for leave to file the SAC, and denies, as moot, the pending motions to dismiss, all of which are directed to the now-superseded state-court petition and FAC.

I

In this lawsuit, McDonald alleges that his wife developed acute myeloid leukemia and died as a result of exposure to benzene contained in certain Dove dry shampoo products. In his state-court petition, filed on September 30, 2024, McDonald alleged claims for negligence and strict liability against Unilever and John Doe 1-100.

Unilever removed the case to this court based on diversity jurisdiction, and on November 7, 2024 filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). On November 21, 2024, while Unilever's motion was pending, McDonald filed his FAC, adding a claim for fraudulent concealment and adding four new defendants: Aeropres, BP, Voyant Beauty, LLC ("Voyant"), and Diversified. Unilever then filed a motion to dismiss the FAC under

Rule 12(b)(6).[2] Unilever also moves to strike BP—a non-diverse[3] defendant—from the FAC pursuant to 28 U.S.C. § 1447(e). McDonald moves for leave to file his SAC. The court is deciding all the pending motions on the briefs, without oral argument.

II

The court begins with Unilever's December 12, 2024 motion to strike BP, the non-diverse defendant, from the FAC pursuant to 28 U.S.C. § 1447(e).

"[I]n the Fifth Circuit, it is well established that a party cannot join a non[-]diverse party in an amended pleading without first obtaining leave of court, even if ostensibly permitted by Rule 15(a) of the Federal Rules of Civil Procedure." *Cantrell v. Gaddie*, 2020 WL 13532895, at *2 (E.D. Tex. May 11, 2020); *see also Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *2 (S.D. Tex. Jan. 5, 2004) (concluding that "Rule 15 must be read in conjunction with 28 U.S.C. § 1447(e)," which authorizes the court either to permit or deny joinder of a party whose addition would destroy jurisdiction). "Failure to obtain necessary leave of court warrants striking the amended pleading." *Matthews v. FedEx Corp.*, 2025 WL 4656462, at *5 (S.D. Tex. Dec. 8, 2025) (citation omitted), *rec. adopted*, 2026 WL 741313 (S.D. Tex. Feb. 20, 2026); *see also, e.g.*, *Nelson v. Complete Bus. Sols. Grp., Inc.*, 2019 WL 3759450, at *2 (W.D. Tex. Aug. 8, 2019) ("Nelson did not seek leave of court as required before filing an amended complaint that might divest the court of jurisdiction. Because of

---

[2]On January 23, 2025 BP and Diversified also filed motions to dismiss the FAC.

[3]McDonald is a citizen of Texas. Notice of Removal ¶ 6. He alleges in the FAC that BP is a citizen of Texas and Delaware. FAC ¶ 4.

this, there are grounds to strike the First Amended Complaint without prejudice.”).

McDonald did not seek leave of court before filing the FAC. Accordingly, the court grants Unilever’s motion to strike the FAC.

III

The court next considers McDonald’s February 6, 2025 motion for leave to file the SAC to the extent that McDonald seeks to add BP as a defendant.[4]

A

“When a plaintiff seeks to join a non-diverse defendant after a case is removed based on diversity, 28 U.S.C. § 1447(e) gives the court the discretion to deny joinder or permit it and remand the case to state court.” *Alba v. S. Farm Bureau Cas. Ins. Co.*, 2008 WL 4287786, at *1 (N.D. Tex. Sept. 19, 2008) (Fitzwater, C.J.) (footnotes omitted) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). “[T]he diverse defendant has an interest in retaining the federal forum.” *Hensgens*, 833 F.2d at 1182. “The court must therefore balance the original defendant’s interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation.” *Skinner Cap. LLC v. Arbor E&T, LLC*, 2024 WL 1219235, at *2 (N.D. Tex. Mar. 21, 2024) (Fitzwater, J.) (citing *Cannon v. Hartford Ins. Co. of the Midwest*, 1997 WL 760500, at *1 (N.D. Tex. Nov. 19, 1997) (Fitzwater, J.)). In determining whether to allow a non-diverse party to be joined after removal, the court considers these four factors, known as the *Hensgens* factors: (1) whether

[4]In its opposition to McDonald’s motion, Unilever again asks the court to strike BP as a defendant. Aeropres, BP, and Voyant join Unilever’s opposition.

plaintiff's purpose is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.

B

The court first considers McDonald's purpose in adding BP as a defendant. Courts addressing this factor assess, *inter alia*, "the viability of the claims alleged against a new defendant, the timing of a plaintiff's attempt to add the defendant, and whether the plaintiff knew or should have known the identity of the new defendant prior to removal." *Appliance All., LLC v. Sears Home Appliance Showrooms, LLC*, 2015 WL 9319179, at *5 (N.D. Tex. Dec. 23, 2015) (Lynn, J.) (citation omitted).

Unilever primarily contends that McDonald's claims against BP are not viable because they are barred by the statute of limitations, any attempt to toll the statute of limitations based on fraudulent concealment has not been pleaded with specificity, and McDonald has failed to state a plausible claim against BP. Unilever also maintains that the timing of adding BP as a defendant shows that the purpose is to defeat federal jurisdiction and that McDonald knew or should have known of BP's identity when he filed the state-court petition.

McDonald does not respond to Unilever's limitations arguments. Regarding timing, he contends that it was not until his attorneys were preparing the FAC in response to Unilever's motion to dismiss that they discovered the third-party complaint filed in a separate case, *Little v. Unilever U.S., Inc.*, 3:22-CV-01189 (MPS) (D. Conn.), in which Aeropres

identified BP as the supplier of the butane-based propellant for the products at issue in this case.

The court finds that this first factor weighs against permitting McDonald to add BP as a defendant in this case. "Suspicion exists 'if the plaintiff knew of the non[-]diverse defendant from the outset and chose to exclude [it] from the original pleading.'" *Skinner Cap. LLC*, 2024 WL 1219235, at *3 (first alteration in original) (quoting *Appliance All.*, 2015 WL 9319179, at *6). Although McDonald contends that he did not identify BP as a defendant until after Unilever filed its motion to dismiss, he does not dispute that the third-party complaint in *Little* was filed on July 15, 2024—two and one half months before McDonald filed his state-court petition in this case. He provides no reason why he could not have discovered that complaint, or identified BP as a defendant, prior to the filing of his state-court petition or during the fifteen weeks before the case was removed. The court therefore holds that the first factor weighs against permitting BP's joinder via the SAC.

C

The court next considers whether McDonald was dilatory in amending his state-court petition. This factor requires a case-by-case inquiry. "There is no set timetable for when the timing of a proposed amendment reflects dilatoriness." *Appliance All.*, 2015 WL 9319179, at *6 (comparing cases). If significant activity beyond the pleading stage has not yet occurred, courts often find that amendment is timely, unless the plaintiff "had ample information about [the proposed defendant's] identity and involvement in [the underlying controversy] before [plaintiff] filed the suit in state court." *Estate of Alex ex rel. Coker v.*

*T-Mobile US, Inc.*, 2018 WL 993784, at *2 (N.D. Tex. Feb. 21, 2018) (Lynn, C.J.) (alterations in original) (quoting *Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009)). And if the only "credible reason for waiting until after removal" to seek amendment is to defeat diversity jurisdiction, courts are likely to find that plaintiffs have been dilatory. *Varela v. Home Depot U.S.A., Inc.*, 2019 WL 1041335, at *4 (N.D. Tex. Mar. 4, 2019) (McBryde, J.) (citation omitted).

The court finds that McDonald has been dilatory in seeking leave to amend. As stated above, the third-party complaint in *Little* that allegedly first alerted his attorneys to BP's identity as a defendant was filed over two months before McDonald filed his state-court petition. McDonald provides no reason why, with reasonable diligence, he could not have discovered BP's identity and involvement with respect to the Dove dry shampoo prior to removal. The court therefore holds that the second factor supports denying McDonald's motion to the extent that he seeks to join BP as a defendant in the SAC.

D

Concerning the third factor, McDonald does not cite any significant injury that he would suffer if the court denies him leave to add BP as a defendant, nor does the court discern any. The court recognizes that McDonald will have to file a separate lawsuit, likely in state court, to pursue his claims against BP. But "[t]he mere potential for parallel litigation . . . is not grounds for granting the amendment; the party must show that it will be *significantly* injured if the court denies joinder." *Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, 2015 WL 4629681, at *6 (N.D. Tex. Aug. 4, 2015) (Lynn, J.) (citing *Alba*, 2008 WL

4287786, at *3). The court therefore concludes that the third factor supports denying McDonald's motion for leave to amend.

E

The court analyzes under the fourth factor whether any other considerations bear on the equities. This factor allows courts to "address any 'unique circumstances presented' by the parties" in "weigh[ing] the plaintiff's overarching interest in avoiding parallel litigation, with the defendant's desire to pursue the case in federal court." *Andrews Restoration*, 2015 WL 4629681, at *7 (first excerpt quoting *Bonilla v. Am.'s Servicing Co.*, 2011 WL 3882280, at *5 (S.D. Tex. Sept. 2, 2011); second excerpt citing *Hensgens*, 833 F.2d at 1182). The court holds that there are no unique equitable interests to consider here. This factor is therefore neutral.

F

Considering all of the *Hensgens* factors, the court concludes that they weigh against allowing McDonald to amend his original state-court petition for the purpose of adding BP as a defendant.

IV

Having concluded under the *Hengens* factors that McDonald should not be permitted to join BP as a defendant in the SAC, the court next addresses whether he should nevertheless be permitted to file the SAC "to provide clarity and additional facts that Plaintiff's counsel has determined to be necessary." P. Mot. (ECF No. 59) at 3.

A

Rule 15(a) governs timely-filed motions for leave to amend a pleading. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing cases).

B

Unilever, Aeropres, BP, and Voyant oppose McDonald's motion for leave to amend on the ground, *inter alia*, that McDonald has not pleaded facts sufficient to toll the statute of limitations and his claims against BP, Unilever, and the other defendants are time-barred. Diversified opposes the motion on similar grounds, contending that McDonald's proposed SAC is futile because McDonald's claims against Diversified are barred by the statute of limitations and McDonald has failed to adequately plead his claims against Diversified. The court declines to deny McDonald's request for leave to amend based on futility of

amendment.

This court's almost unvarying practice when futility is raised is to address the merits of the claim in the context of a Rule 12(b)(6) or Rule 56 motion.[5]

> The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer. Therefore, the court suggests no view regarding the merits of these claims, leaving that question to a decision in response to an appropriate motion.

*Baldwin v. Kenco Logistics Servs., L.L.C.*, 2021 WL 5908897, at *1 (N.D. Tex. Dec. 14, 2021) (Fitzwater, J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *2 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). The court therefore declines to hold in the context of McDonald's motion for leave to file SAC that his proposed claims against the remaining defendants—Unilever, Aeropres, Voyant, and Diversified—would be futile. The court concludes under the liberal Rule 15(a)(2) standard that there are no sufficient reasons to deny McDonald leave to amend, and it grants his motion in part, i.e., insofar as it is based on his desire to provide clarity and additional facts that his counsel has determined to be necessary.

V

The pending motions to dismiss—Unilever's November 7, 2024 motion, Unilever's December 12, 2024 motion, BP's January 23, 2025 motion, and Diversified's January 23, 2025 motion—which are directed at McDonald's now-superseded state-court petition and

---

[5]A Rule 12(c) motion would also be an appropriate vehicle for challenging the merits of a claim.

FAC, are denied without prejudice as moot.

* * *

Accordingly, for the reasons explained, the court grants Unilever's motion to strike McDonald's FAC, grants in part and denies in part McDonald's motion for leave to file his SAC, and denies without prejudice as moot the pending motions to dismiss.

**SO ORDERED**.

November 16, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE